## PEOPLE v. BISHOPP.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. FOOD LAWS—REGULATING SALE OF VEAL—SHIPMENTS OF—TAGGING—POLICE POWER.

Agricultural Law, as amended by Laws 1902, p. 59, c. 30, § 70e, prohibits the sale as an article of food of veal from a calf under four weeks old when killed. Section 70f requires all veal shipped to have annexed thereto a tag stating the name of the person who raised the calf, the name of the shipper, the points of shipping, and the destination and age of the

calf. *Held*, that said section 70f was evidently passed to secure the enforcement of the provisions of the preceding section, and was clearly, as was such preceding section, within the police power of the Legislature.

**2. SAME.**

The fact that the legitimate as well as the illegitimate article is required to be tagged does not affect the necessity or reasonableness of the section.

**3. SAME—CONSTITUTIONALITY—REGULATING INTERSTATE COMMERCE.**

Const. U. S. art. 1, § 8, cl. 3, conferring on Congress power to regulate commerce among the several states, is not violated by the section, as the prohibition against shipping without a tag, though broad enough to apply to veal intended to be shipped to another state, does not interfere with the regulation of interstate commerce.

Appeal from Special Term.

Action by the people of the state of New York against Burdett Bishopp. From an interlocutory judgment (89 N. Y. Supp. 709) overruling his demurrer to the complaint, defendant appeals. Affirmed.

The plaintiff brought this action in the Supreme Court to recover on two alleged causes of action: First. The plaintiff seeks to recover the penalty imposed by section 37 of the agricultural law (chapter 338, p. 666, of the Laws of 1893, and the acts amendatory thereof) for an alleged violation by the defendant of section 70e of said law, as amended by Laws 1902, p. 59, c. 30. Second. The plaintiff seeks to recover the penalty imposed by said section 37 for an alleged violation by the defendant of section 70f of said law, as amended by Laws 1902, p. 59, c. 30. The defendant demurred to the said second alleged cause of action on the ground that on the face thereof it does not state facts sufficient to constitute a cause of action. The court at Special Term overruled such demurrer, and from the interlocutory judgment entered thereon this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Carlos J. Coleman and Joseph Mason, for appellant.

Julius M. Mayer, Atty. Gen., and Joseph S. Rosalsky, Deputy Atty. Gen., for the People.

PARKER, P. J. There can be no doubt but that the Legislature was authorized to enact the provisions of section 70e of the agricultural law, as amended by Laws 1902, p. 59, c. 30. It is an exercise of the police power in the interests of the public health, and that right has long been recognized by our own and by the federal courts. Veal, as an article of food, is deemed by the Legislature to be injurious and unsafe when eaten within four weeks of its birth, and for such reason it is assumed by that section to regulate the use and sale of such veal as an article of food. Such right is too plain to be discussed, and the defendant has not, by this demurrer, disputed it. People v. Ewer, 141 N. Y. 129, 36 N. E. 4, 25 L. R. A. 794, 38 Am. St. Rep. 788; People v. Arensberg, 105 N. Y. 123, 11 N. E. 277, 59 Am. Rep. 483; People v. Lochner, 177 N. Y. 145, 69 N. E. 373, 101 Am. St. Rep. 773, and cases cited. Section 70f of such law, as amended by Laws 1902, p. 59, c. 30, was evidently passed to secure the enforcement of the provisions of the prior section, and it is against the validity of this section that this de-

murrer is aimed. This section does not prohibit the shipping or sale of veal. It merely requires that all veal that is shipped shall have annexed thereto a tag stating the name of the person who raised the calf, the name of the shipper, the points of shipping, and the destination and age of the calf. Many calves so shipped are over four weeks old. Such are a legitimate article of food; but many are under that age, and are therefore not a healthful food, nor a legitimate article of commerce for that purpose. Their appearances, however, are substantially the same. To an uninstructed eye they cannot be distinguished, and hence deceit is so easy that it is difficult, and practically impossible, to enforce the law unless breeders and shippers are required to so mark them that the healthful ones may be distinguished from the unhealthful. To meet this difficulty, the section in question was passed. Its provisions are necessary and reasonable to complete the scheme which the Legislature has devised to protect the public from having forced upon its markets a species of food that is notoriously unhealthy and injurious. The purpose of its provision is as clearly within the police power of the Legislature as are the provisions of section 70e, and the fact that the legitimate article as well as the illegitimate is thereby required to be tagged does not affect its necessity or reasonableness. Neither does the section violate article 1, § 8, cl. 3, of the federal Constitution. True, the prohibition against shipping without a tag is broad enough to apply to veals intended to be shipped to another state, but that does not interfere with the regulation of commerce between the states. Hannibal & St. J. R. R. Co. v. Husen, 95 U. S. 465, 24 L. Ed. 527; Kidd v. Pearson, 128 U. S. 1, 23, 24, 9 Sup. Ct. 6, 32 L. Ed. 346; People v. Niagara Fruit Co., 75 App. Div. 11, 77 N. Y. Supp. 805; Id., 173 N. Y. 629, 66 N. E. 1114. Within the authority of those cases, the exclusive right to regulate commerce, etc., secured to Congress by the federal Constitution, is not invaded.

The interlocutory judgment appealed from should be affirmed, with costs.