PEOPLE v. ABRAMSON et al.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. FOOD (§ 16\*)—VIOLATION OF REGULATIONS—ACTION FOR PENALTY—PLEADING.

In an action to recover a penalty for the sale of impure milk, a complaint, alleging that defendants exposed for sale and sold a specified number of cans of milk, and shipped the same from the railway station at a point named within the state, consigned to a person named in New York City, and that the same was delivered by said railroad company to the consignee at a point in New Jersey, must be construed as alleging a sale within the state.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.\*]

2. COMMERCE (§ 40\*)—SALE WITHIN STATE—DELIVERY BY CARRIER IN OTHER STATE.

Where a sale of impure milk was made within the state to a purchaser residing within the state, the fact that the common carrier permitted the consignee to take the goods from its hands at a point in another state did not affect the sale so as to make it interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 29, 30; Dec. Dig. § 40.\*]

3. STATUTES (§ 241\*)—ACTIONS—COMPLAINT.

While a statute imposing a penalty must be strictly construed, and the allegations of the complaint must bring the cause of action within the statute, the language must be reasonably and fairly interpreted.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 322, 323; Dec. Dig. § 241.\*]

4. FOOD (§ 16\*) — SALE OF IMPURE MILK — PRESUMPTIONS — "ADULTERATED MILK."

Under Agricultural Law (Laws 1893, c. 338) § 20, subd. 7, declaring that milk from which any part of the cream has been removed is "adulterated milk," and section 31, providing that it may only be sold as skimmed milk in the county in which it is produced, or in an adjoining

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county, if milk is offered for sale, the presumption is that it is offered as pure milk.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 1, pp. 211, 212.]

5. FOOD· (§ 1*)—POWER OF LEGISLATURE—SALE OF MILK.

The Legislature has the right to inflict a penalty for the selling of skimmed milk without making it known that it is such.

[Ed. Note.—For other ·cases, see Food, Cent. Dig. § 1; Dec. Dig. § 1.*]

6. FOOD (§ 16*)—SALE OF SKIM MILK—CUSTOMERS IN OTHER STATES.

Where the sale of impure milk was made within the state, the seller is liable to the penalty inflicted by statute, though the milk was to be shipped and was actually shipped to customers in other states.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

7. COMMERCE (§ 40*)—INTERSTATE—SALE OF IMPURE MILK.

The liability of a seller of impure· milk, the entire transaction occurring between residents of this state, is not affected, though the milk, in order to reach its final destination, passes through another state.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 29, 30; Dec. Dig. § 40.*]

Appeal from Special Term, Delaware County.

Action by the People of the State of New York against Nathan Abramson and another. From an interlocutory judgment of the Supreme Court overruling defendants' demurrer to the complaint, defendants appeal. Affirmed, with leave to defendants to withdraw their demurrer and answer on payment of costs.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

C. L. Andrus, for appellants.

Hamilton J. Hewitt, for respondent.

HOUGHTON, J. The action is to recover the penalties prescribed by section 37 of the agricultural law (Laws 1893, c. 338, as amended) for the sale of impure milk.

The complaint sets forth 13 separate causes of action, and alleges that on each of the days from October 15 to October 21, 1908, the defendants sold to separate individuals a specified number of cans of milk from which the cream had been removed, without marking such cans as skimmed milk.

The defendants demurred to each separate cause of action on the ground that sufficient facts were not alleged to constitute a cause of action, and to the entire complaint on the same ground, and also that as to each separate cause of action that causes of action were improperly united. The demurrer was overruled, and from the interlocutory judgment entered thereon the defendants appeal.

Each cause of action alleges a sale at one time of several cans of skimmed milk without marking, and a penalty is claimed for each can. Appellants do not press on this appeal the improper uniting feature of their demurrer, but insist that neither the complaint as a whole nor the several separate counts state facts sufficient to constitute a cause of action. The ground of this claim is that the complaint alleges a sale

of skimmed milk without marking, by a resident of this state to a resident of the state of New Jersey, to be delivered and actually delivered in such foreign state, and that the Legislature cannot prohibit such a sale because it is interstate commerce, which is controlled exclusively by Congress and with which a state cannot constitutionally interfere.

Whether it would be a violation of the provisions of the agricultural law for a resident of this state to agree with a resident of a foreign state to deliver and sell to him in such foreign state impure milk is an interesting question, which we are not called upon on this appeal to decide, for, as we interpret the complaint, no such facts are alleged.

The second clause of the complaint alleges that defendants are doing business as venders of milk at Dunraven in the county of Delaware, this state, and that they are not producers, and this allegation is incorporated in each of the several separate alleged causes of action. Each cause of action is set forth in substantially the same language, aside from dates, number of cans, and purchaser, and states that at Dunraven the defendants exposed for sale, offered for sale, and sold the specified number of cans, each containing a certain number of quarts of milk, and shipped the same from the railway station at Dunraven, consigned to J. Breakstone of New York City (or G. Kotcher of Brooklyn, N. Y.), and that the same was delivered by said railroad company to the consignee at Weehawken, N. J., and that such milk was not sold or marked for and as skimmed milk, and that the defendants thereby incurred the penalty of $100 for each can.

The fair interpretation of this allegation is that the defendants at their place of business at Dunraven, N. Y., sold the milk in question and delivered it to the common carrier at that place consigned to the purchaser. So far as they were concerned, the sale and delivery was then complete, and it all had occurred at Dunraven and within this state. The language which the pleader has used does not show that no sale was made until delivery of the milk to the purchaser at Weehawken, N. J. If for convenience, or otherwise, the common carrier permitted the consignee to take the goods from its hands at any particular place, it did not affect the delivery or the bargain of sale which the defendants made at Dunraven. While a statute imposing a penalty must be strictly construed, and the allegations of the complaint must bring the cause of action within the statute, the language used must be reasonably and fairly interpreted.

The Legislature, by section 20, subd. 7, of the agricultural law (Laws 1893, c. 338), has declared that milk from which any part of the cream has been removed is adulterated milk, and by section 31 has provided that it may only be sold for and as skimmed milk in the county in which it is produced or in an adjoining county. A sale of skimmed milk is not, therefore, wholly prohibited, but such sale must be made as such and for what it actually is, and not as the pure product. If milk is offered for sale as milk simply, the presumption is that it is offered as pure milk. The Legislature, therefore, had the right to inflict a penalty for the selling of skimmed milk without making it known that it was such. If the sale occurred wholly within the state, the defendants do not challenge the constitutionality of the law and concede that it has been expressly upheld as constitutional in

People v. Bowen, 182 N. Y. 1, 74 N. E. 489, and in People v. Koster, 121 App. Div. 852, 106 N. Y. Supp. 793, and in St. John v. New York, 201 U. S. 633, 26 Sup. Ct. 554, 50 L. Ed. 896. If the sale was made within the state, it is of no moment that the milk was to be shipped and actually shipped to customers in other states. People v. Niagara Fruit Co., 75 App. Div. 11, 77 N. Y. Supp. 805, affirmed 173 N. Y. 629, 66 N. E. 1114; People v. Bishopp, 106 App. Div. 266, 94 N. Y. Supp. 773.

While the description of the consignees as "J. Breakstone of New York City," and "G. Kotcher of Brooklyn, N. Y.," is not especially apt to describe them as dealers in milk in the respective cities and residents thereof, still, taking it in connection with other allegations of the complaint, the fair inference is that they were dealers in those cities, and that the milk was shipped to them for sale therein, and that for their own convenience they accepted delivery from the carrier at Weehawken. Under such interpretation, the entire transaction which was an offense against the statute occurred within the state of New York and between residents thereof. It would not change the situation that in order to reach its final destination the milk must pass through some other state.

Our conclusion is that the demurrer was properly overruled, and that the judgment must be affirmed, with costs, with leave to the defendants to withdraw their demurrer and answer, on payment of the costs of this court and of the court below. All concur.